UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE C. WOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY HAYDEN, et al.,<br><br>    Defendants. | Case No. 22-cv-07284-JST<br><br>**ORDER OF DISMISSAL**<br>ECF Nos. 6, 13, 14, 15 |

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint. ECF No. 1. This order also addresses Plaintiff's motion for discovery, ECF No. 6; Plaintiff's motion for copies of everything, ECF No. 13, and Plaintiff's motion to add an additional statement of claim, ECF No. 14. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

1 necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants attorneys Jeffery Hayden and Esther Aguyo, both part of San Mateo County's private defenders program; San Mateo County Superior Court Court Executive Neal Taniguchi; San Mateo Deputy Superior Court deputy court clerk II Peter Ring, and San Mateo County Superior Court judge Hill.

Plaintiff's handwriting is challenging to decipher.  The Court has been able to discern the following allegations from the complaint.  Plaintiff is represented in San Mateo Superior Court Case No. 21-SF-007567 A[1] by defendants Hayden and Aguyo.  Starting on July 5, 2022 through October 24, 2022, Plaintiff made multiple requests to defendants Hayden and Aguyo for the relevant discovery in his case, but he has not received any discovery.  Defendant Hayden failed to file a Romero motion on behalf of Plaintiff even though he filed such a motion for another client being prosecuted at the same time as Plaintiff.  This failure denied Plaintiff due process. Defendant Hill "went against [the] plea agreement."  Plaintiff would have had a better outcome on his case had he been provided the requested discovery.

---

[1] Plaintiff is currently housed at North Kern State Prison.  It is unclear from the complaint whether Plaintiff is a pretrial detainee or incarcerated pursuant to a conviction.  However, as discussed further below, the case records in Case No. 21-SF-007567 A, *People v. Wood* ("*Wood I*") indicate that Plaintiff was charged with felony possession of a controlled substance while in prison (Cal. Penal Code § 4573.6(a)), which implies that he was incarcerated pursuant to a conviction unrelated to *Wood I*.

1       The complaint will be dismissed with prejudice for the following reasons.

2       First, Plaintiff has failed to state a federal law or federal constitutional claim. There is no
3  federal due process right to having one's own attorney provide requested discovery or a federal
4  due process right to having a *Romero* motion filed. Plaintiff does not identify any other right
5  under federal law or the federal Constitution that was violated.

6       Second, Plaintiff has failed to link defendants Ring and Taniguchi to any violation of
7  federal law or the federal Constitution. He does not reference these defendants in the body of his
8  complaint. Plaintiff has attached a letter wherein defendant Ring advises Plaintiff that he can
9  obtain discovery in his case from the District Attorney's Office and that if he has further
10 questions, he could contact his attorney, Esther Aguyo. Defendant Taniguchi is listed on the
11 letterhead of this letter. The Court will not attempt to discern a federal claim from this letter, and
12 it is unlikely that this letter establishes liability for a civil rights violation.

13      Third, according to court records, *Wood I* is still pending. The last event in this case was a
14 preliminary hearing on July 19, 2022. There have been no other court proceedings since then.
15 This case is not yet adjudicated.[2] It is therefore unclear how defendant Hill went against the plea
16 agreement or how Plaintiff would have received a better outcome on his case if granted discovery,
17 given that neither a plea bargain nor a sentence has been entered in this case.

18      While it is possible that these above deficiencies could be remedied, this case must be
19 dismissed with prejudice for the following reason.

20      Because *Wood I* is ongoing, any claims arising out of *Wood I* are barred by the *Younger*
21 abstention doctrine. The *Younger* abstention principle provides that, under principles of comity
22 and federalism, a federal court should not interfere with ongoing state criminal proceedings by
23 granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v.*
24 *Harris*, 401 U.S. 37, 43-54 (1971). *Younger* abstention is required when: (1) state proceedings,
25 judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3)
26 the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex*

---

[2] A list of events and hearings in San Mateo Superior Court cases may be accessed here: https://odyportal-ext.sanmateocourt.org/Portal-External/Home/Dashboard/29.

1   *County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  A fourth requirement
2   has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state
3   proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding
4   in a way that *Younger* disapproves."  *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th
5   Cir. 2008) (citing cases).  Here, state proceedings are ongoing.  *Wood I* is currently pending in San
6   Mateo County Superior Court.  Second, state criminal proceedings implicate important state
7   interests.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("states' interest in administering their
8   criminal justice systems free from federal interference is one of the most powerful of the
9   considerations that should influence a court considering equitable types of relief") (holding that
10  federal bankruptcy court should not invalidate results of state criminal proceedings).  Third, it is
11  unclear if Plaintiff has raised any constitutional issues but to the extent that Plaintiff believes that
12  counsel has been ineffective or that there are other constitutional issues related to *Wood I*, the state
13  proceedings afford Plaintiff adequate opportunity to raise this issue, through direct appeal or state
14  collateral proceedings.  Finally, the practical effect of granting relief in this action would require
15  this Court to actively monitor and interfere with an ongoing state court proceeding.  The *Younger*
16  abstention principle compels the Court to abstain from considering any issues arising out of, or
17  related to, *Wood I*.
18      For the foregoing reasons, this action is dismissed for failure to state a claim and with
19  prejudice pursuant to the *Younger* abstention principle.
20  **C.    Pending Motions**
21      Plaintiff has filed four additional motions: a request for discovery, ECF No. 6; a request for
22  copies of everything filed in this action, ECF No. 13; a request to add an additional claim, ECF
23  No. 14; and two additional requests for discovery, ECF Nos. 15, 17.
24      In light of the Court's dismissal of action pursuant to the *Younger* abstention principle,
25  Plaintiff's requests for discovery are DENIED as moot.  ECF Nos. 6, 15.
26      Plaintiff's request for copies of everything filed in this action is GRANTED IN PART
27  AND DENIED IN PART.  ECF No. 13.  Generally speaking, the Court does not provide copies of
28  filed pleadings unless the requesting litigant pays the photocopy fee.  However, the Court will

4

provide Plaintiff one-time courtesy copies of ECF Nos. 1, 2, 3, 6, and 14 under separate cover.

Plaintiff's request to add an additional statement of claim is DENIED as moot in light of the Court's dismissal of this action pursuant to *Younger*.  ECF No. 14.[3]

### CONCLUSION

For the foregoing reasons, the Court DISMISSES this action for failure to state a claim and with prejudice pursuant to the *Younger* abstention principle; DENIES as moot Plaintiff's request for discovery, ECF No. 6, and Plaintiff's request to add an additional statement of claim, ECF No. 14; and DENIES IN PART AND GRANTS IN PART Plaintiff's request for copies of everything, ECF No. 13.

The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

This order terminates ECF Nos. 6, 13, 14, 15, and 17.

**IT IS SO ORDERED.**

Dated:  May 16, 2023

_____
JON S. TIGAR
United States District Judge

---

[3] If a plaintiff wishes to add a claim to his complaint, the appropriate procedure is to file an amended complaint that lists all the claims in one document.  Plaintiffs may not amend their complaint piecemeal by filing claims in separate filings.  In addition, the Court notes that review of Plaintiff's proposed additional claim is also barred by *Younger*.